United States District Court
Southern District of Texas
**ENTERED**
March 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH L. ROBINSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-15-651 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Social Security Commissioner, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

Pending before the court is plaintiff Deborah L. Robinson's motion for summary judgment. Dkt. 16. Also pending before the court is a cross-motion for summary judgment filed by defendant Commissioner Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration (the "Commissioner"). Dkt. 18. Having considered the motions, record evidence, and applicable law, the court is of the opinion that Robinson's motion (Dkt. 16) should be DENIED and the Commissioner's motion (Dkt. 18) should be GRANTED.

### I. BACKGROUND

On March 2, 2012, Robinson filed an application for disability insurance benefits with the Social Security Administration. Dkt. 9 at 251 (certified administrative transcript). Robinson alleged in her application that she became disabled in February of 2012 as the result of a stroke, heart stents, an aneurism, and vision problems. *Id.* An administrative law judge ("ALJ") held two hearings on Robinson's application and issued a decision on February 27, 2014. *Id.* at 1. The ALJ held that

Robinson was not disabled under Title II of the Social Security Act, 42 U.S.C. § 423 because she could perform her past relevant work as a billing clerk.[1]  *Id.* at 99.

Robinson requested a review of the ALJ's decision on December 30, 2014, but the Appeals Council denied her request.  *Id.* at 1.  Robinson then filed this action under 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision.  *Id*. at 1.  Robinson prays that the court reverse the Commissioner's decision and render an order awarding Robinson disability insurance benefits.  Dkt. 16 at 1.  In the alternative, Robinson prays that the court reverse and remand the Commissioner's decision for further proceedings pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *Id.*  The Commissioner prays that the court grant her cross-motion for summary judgment and affirm the Commissioner's decision to deny Robinson disability insurance benefits.  Dkt. 18 at 6.

## II. LEGAL STANDARD

The court's review of an ALJ's final decision denying disability benefits is limited to determining whether (1) the ALJ applied proper legal standards in evaluating the record; and (2) whether substantial evidence in the record supports the decision.  *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

In order to obtain disability benefits, a claimant bears the burden of proving he or she is disabled within the meaning of Title II of the Social Security Act.  *See Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991).  Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period

---

[1] A five-step sequence is used to evaluate claims of disability and the ALJ stopped at step four: whether petitioner can perform her past relevant work.

of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The existence of such a disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. § 423(d)(3), (d)(5)(A).

To determine whether a claimant is capable of performing any "substantial gainful activity," the regulations provide that disability claims should be evaluated according to the following five-step sequence:

> (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he or she can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Villa v. Sullivan*, 896 F.2d 1019, 1022 (5th Cir. 1990)); *see also* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof on the first four of the above steps, while the Commissioner bears it on the fifth. *See Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999). The analysis stops at any point in the process upon a finding that the claimant is or is not disabled. *See Greenspan*, 38 F.3d at 236.

In determining whether the ALJ's decision is supported by substantial evidence, the Court weighs four factors:

1. the objective medical facts;
2. the diagnosis and expert opinions of treating physicians on subsidiary questions of fact;
3. subjective evidence of pain as testified to by the Plaintiff and corroborated by family and neighbors;
4. and the Plaintiff's educational background, work history and present age.

3

*Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991); *Blalock v. Richardson*, 483 F.2d 773, 776 (5th Cir. 1972).

If the findings of fact contained in the Commissioner's decision are supported by substantial evidence, they are conclusive and the court must affirm. 42 U.S.C. § 405(g); *see also Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The widely accepted definition of substantial evidence is evidence "that a reasonable mind might accept as adequate to support a conclusion." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *see also Greenspan*, 38 F.3d at 236 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is more than a scintilla, but less than a preponderance. *Richardson,* 402 U.S. at 401. The Commissioner has the responsibility of deciding any conflict in the evidence. *See id*. Reversal of the Commissioner's decision is warranted only where no credible choices or contrary medical findings exist to support the Commissioner's final administrative decision. *See Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). In applying this standard, the court should examine the entire record to determine whether such evidence is present. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The court may not substitute its judgment for that of the Commissioner, reweigh the evidence, or try the issues *de novo*. *Id*. In other words, the court should defer to the decision of the Commissioner as much as possible without making its review meaningless. *Id*.

### III. ANALYSIS

The Commissioner followed the five-step sequence to evaluate Robinson's claims of disability and found:

> Step one- Robinson had not engaged in substantial gainful activity since the alleged onset of impairment;
> Step two- Robinson's impairments were severe within the meaning of the act;
> Step three- Robinson's severe impairments did not meet or equal the

>    requirements for presumptive disability under the listed impairments in the regulations; and
>    Step four- Robinson could perform her past relevant work as a billing clerk and was not disabled.

Dkt. 9, 93-96; 1620 C.F.R. § 404.1520; *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)).  Because the Commissioner found that Robinson was not disabled at step four, she stopped and did not evaluate step five of the sequential evaluation. Robinson contends that because the Commissioner erred in finding that Robinson could perform her past relevant work, the Commissioner should have continued on to step five and determined whether Robinson was capable of performing other work in the national economy. *Id.*

In her motion for summary judgment, Robinson argues that the Commissioner's decision is not supported by substantial evidence and was reached by applying improper legal standards. Dkt. 16 at 1.  Specifically, Robinson alleges that the Commissioner:

1. Failed to properly weigh the medical opinions of record;
2. Made erroneous residual functional capacity findings; and
3. Made an error in finding that Robinson retains the ability to perform her past relevant work.

*Id.*

**A. Weighing the Medical Opinions of Record**

Robinson contends that the ALJ improperly gave more weight to the non-examining expert than to the examining physician. Dkt. 16 at 6.  Robinson contends that, under section 404.1527 of the Code of Federal Regulations, more weight should be given to the opinion of a source who has examined the claimant than to the opinion of a source who has not examined the claimant. *Id. at 7*. Section 404.1527(c)(1) states that *generally*, the ALJ gives more weight to the opinion of a source who has examined the petitioner than to the opinion of a source who has not examined the petitioner. 20 C.F.R. § 404.1527(c)(1) (emphasis added).  There is no requirement that an ALJ always give

5

more weight to an examining source. *Id*. Supporting this notion, section 404.1527(c)(4) states that the more consistent an opinion is with the record as a whole, the more weight will be given to that opinion. 20 C.F.R. § 404.1527(c)(4). Finally, section 404.1527(d)(1) states that the ALJ is responsible for making the final determination of disability. 20 C.F.R. § 404.1527(d)(1). A statement by a medical source that a person is disabled does not mean that the ALJ will find disability. *Id.* The rules establish that an ALJ has the discretion in weighing the credibility of expert testimony and can consider other factors in the final determination of whether a person is disabled.

Robinson admits that the non-examining medical expert's testimony is not actually inconsistent with the examining medical expert's testimony except that the non-examining expert concluded that Robinson can perform sedentary work on an eight-hour basis. Dkt. 16 at 8; Dkt. 9 at 149. The ALJ cited medical evidence and Robinson's own testimony in the record to support giving more weight to the non-examining expert's testimony. Dkt. 9 at 96-99. The ALJ pointed out that scans of Robinson's chest, a stress test, an MRI of Robinson's brain, reflex tests, and visions tests were all clinically normal. *Id.* Additionally, the ALJ considered that Robinson herself testified that she could wash dishes, do laundry, shop for groceries, and did not need an assistive device. *Id.* at 114-16. According to *Vaughan v. Shalala*, the ability to do household chores supports a finding that a person can perform sedentary work. 58 F.3d 129, 131 (5th Cir. 1995). Robinson also testified that she was president of her church mission which required her to sit at a desk and answer phones and further supported her ability to perform sedentary work. Dkt. 9 at 115. Because there was evidence in the record contrary to the examining expert's testimony, the ALJ did not improperly weigh the medical testimony when she rejected the examining expert's conclusion that Robinson could not perform sedentary work for a full eight-hour day and agreed with the non-examining expert that Robinson was not disabled.

**B. Residual Functional Capacity Findings**

Robinson contends that the ALJ's residual functional capacity ("RFC") findings were erroneous because Robinson's hand and visual limitations were excluded. Dkt. 16 at 10. The Commissioner contends that the RFC findings were not erroneous because substantial evidence in the record shows that Robinson did not suffer from hand or visual limitations. Dkt. 18 at 4-5. Both parties direct the court to the examining physician's findings. Dkt. 16 at 10; Dkt. 18 at 4. The examining physician's findings are in the physician's October 2013 Internal Medicine Examination report. Dkt. 9 at 1611-6. The report lists Robinson's fine and dexterous finger control as normal and states that Robinson could write and hold a coffee cup, light skillet, and broom. *Id.* at 1615-6. Although Robinson contends that the non-examining expert did not directly dispute Robinson's hand limitations, the non-examining expert testified that Robinson did not have any manipulative limitations and only that fatigue *could* extend to her hands. Dkt. 16 at 10. Dkt. 9 at 160 (emphasis added). Based on contrary medical findings and testimony, the ALJ found no hand limitations that would affect Robinson's handling capacities. *Id.* at 98. Regarding Robinson's alleged visual limitations, the examining expert noted that Robinson's vision was 20/30 bilaterally and that Robinson had "good night vision," "good peripheral vision," and used "glasses for reading." Dkt. 9 at 1615. Additionally, Robinson testified that she spent time reading emails and Bible scriptures on her computer. *Id.* at 98, 116. The ALJ cited these findings in her RFC report as substantial evidence for her conclusion that Robinson's handling and visual capacities were normal. *Id.* at 99. Thus the ALJ did not erroneously exclude Robinson's hand and visual limitations from the RFC findings.

**C. Ability to Perform Past Relevant Work**

Robinson disputes that she is able to perform her past relevant work as a billing clerk. Dkt. 16 at 10. Robinson contends that she is unable to perform her work as a billing clerk because the work requires "constant" handling. *Id.* The Commissioner found that Robinson retained the necessary RFC to perform her past relevant work as a billing clerk with certain limitations.[2] Dkt. 9 at 96. Because substantial evidence exists to support the ALJ's finding that Robinson did not have hand limitations that would affect her handling capacities, this issue is dispositive. Robinson's claims are further undermined by her own admission that she can perform household chores and that she helps with paperwork as president of her church mission. Dkt. 9 at 115. These activities are consistent with sedentary work and neither party disputes that Robinson's work as a billing clerk is sedentary work. *Vaughan*, 58 F.3d 129; Dkt. 16 at 8. Thus Robinson can perform her past relevant work as a billing clerk.

Because the ALJ found that Robinson could perform her past relevant work, the ALJ concluded that Robinson was not disabled. A finding that a claimant is not disabled at any point in the five-step process is conclusive and terminates the Commissioner's analysis. *Greenspan*, 38 F.3d.at 236; 20 C.F.R. § 404.1520(a)(4) (citing *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)). Thus the Commissioner did not err in terminating her analysis of Robinson's claim for disability insurance benefits at step four after finding that Robinson could perform her past relevant work. Because the Commissioner applied the relevant legal standards and supported her findings with substantial evidence, the Commissioner's decision is AFFIRMED.

---

[2] Robinson's undisputed work limitations include that she can only occasionally climb ramps or stairs, stoop, crouch, kneel, crawl, and balance; cannot climb ladders, ropes, or scaffolds; and cannot work in environments with concentrated exposure to fumes, dusts, odors, chemicals, or gases. Dkt. 9 at 96.

## IV. CONCLUSION

Robinson's motion for summary judgment (Dkt. 16) is DENIED, and the Commissioner's cross-motion for summary judgment (Dkt. 18) is GRANTED. The Commissioner's decision is AFFIRMED.

Signed at Houston, Texas on March 17, 2016.

_____
Gray H. Miller
United States District Judge